UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV13-00028-CAS | Date | February 6, 2013 |
|---|---|---|---|
| Title | MARK ALLEN v. FARMERS AND MERCHANTS BANK OF LONG BEACH, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants

Not Present  Not Present

**Proceedings:**   **(In Chambers:)** MOTION TO DISMISS CASE (Docket #4, filed January 18, 2013)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of February 25, 2013 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On January 2, 2013, plaintiff Mark Allen filed the instant action against defendant Farmers and Merchants Bank of Long Beach. The complaint alleges that defendant improperly terminated a lease agreement between the parties, and alleges claims for: (1) violation of federal statute (Protecting Tenants at Foreclosure Act ("PTFA"), Pub.L. No. 111–22, § 702, 123 Stat. 1632 (2009)), (2) trespass, (3) invasion of privacy, (4) harassment and defamation, and (5) retaliatory eviction.

On January 18, 2013, defendant filed a motion to dismiss this case for lack of subject matter jurisdiction. Plaintiff failed to file a timely reply.

## II. ANALYSIS

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Congress has granted federal courts federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C.. § 1331. "A case 'arises under' federal law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV13-00028-CAS | Date | February 6, 2013 |
|---|---|---|---|
| Title | MARK ALLEN v. FARMERS AND MERCHANTS BANK OF LONG BEACH, INC., ET AL. | | |

either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009). "A federal defense or counter-claim does not give rise to federal-question jurisdiction." Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983).

The complaint alleges that the PTFA provides plaintiff a federal private right of action and therefore raises a federal question. See Dkt. No. 1. PTFA does not, however, create a federal private right of action. Zalemba v. HSBC Bank,USA, Nat'l Ass'n, No. 10–cv–1646 BEN (BLM), 2010 WL 3894577, at *2 (S.D.Cal. Oct. 1, 2010). Rather, "[t]he PTFA's provisions requiring that notice be given ninety days in advance and preventing termination of a bona fide lease unless a purchaser will occupy the unit as a primary residence, see P.L. No. 111-22 § 702(a)(2)(A), offer [plaintiff] a federal defense to an unlawful detainer action." Wescom Credit Union v. Dudley, CV 10-8203 GAF SSX, 2010 WL 4916578 (C.D. Cal. Nov. 22, 2010). Therefore, it appears that this Court lacks federal question jurisdiction over the instant action.

### III. CONCLUSION

In accordance with the foregoing, this case is dismissed.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |